**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-23488-CV-WILLIAMS**

LINET ESTER AVILA ANDRADE,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Defendant Wal-Mart Stores East, LP's ("***Defendant***") Motion for Summary Judgment (DE 34), to which Plaintiff Linet Ester Avila-Andrade ("***Plaintiff***") filed a Response in Opposition (DE 55) and Defendant replied (DE 61). The Parties filed their respective statements of material facts and responses (DE 35; DE 39; DE 44). For the reasons set forth below, Defendant's Motion for Summary Judgment is granted.

### I.    UNDISPUTED FACTS

Plaintiff filed a negligence action against Defendant alleging that on January 3, 2022, she slipped and fell on water as she was exiting a restroom stall in the women's bathroom in Defendant's store. (DE 35 ¶¶ 1–5.) The restroom has four stalls, two sinks and a hand dryer for customers. (DE 35-7 at 69:18–18; DE 35-8 at 17:15–21.) At the time of the incident, there were no paper towels available for customers to dry their hands after washing. (DE 35-7 at 39:6–11.)

Prior to the incident, Wal-Mart employee Nancy Calvera entered the women's restroom at 7:13 PM and exited at 7:33 PM with what appeared to be a cart with cleaning supplies. (DE 35 ¶ 7; DE 35-1.[1]) Five other customers exited the women's restroom after Ms. Calvera entered. (DE 35 ¶¶ 5, 9, 11.) One customer entered and exited the restroom after Ms. Calvera exited, but before Plaintiff entered at 7:37 PM. (DE 35-1; DE 35 ¶ 9.) Four minutes elapsed between Ms. Calvera's exit and Plaintiff's entry. (DE 35-1.)

As part of her duties, Ms. Calvera checks the women's and family restrooms approximately every twenty minutes. (DE 35-2 at 21:25–22:1.) When Ms. Calvera performs a "quick clean" of a restroom, she dries the floors with paper. (*Id.* at 23:1–4; 30:14–16.) Ms. Calvera testified that she ensures the restroom floors are "very dry," including the area underneath the sink. (DE 35-2 at 11:17–19; 25:2–22.) However, there is no checklist that an employee must complete to show that they, in fact, did inspect or clean the restroom. (DE 35-8 at 25:13–16.) Ms. Calvera does not recall the day of the incident, but testified she always makes sure the floors are dry. (DE 35 ¶ 6–7; DE 35-2 at 17:2–5; DE 39 ¶ 6–7.)

At 7:37 PM, Plaintiff walked into the restroom. She did not notice liquid on the floor as she entered the restroom stall, or in the stall itself and does not remember hearing anyone spill water onto the floor while she was in the restroom. (DE 35-3 at 100:15–101:22; DE 35-4 at 35:1–4.) Plaintiff testified that she slipped on water as she opened the door to exit the restroom stall, causing her to hit her knee on a metal plate that was "sticking out from the frame of the door" which ripped her pants. (*Id*. at 102:1–21.)

---

[1] Defendant provided CCTV footage which captures the traffic into the restroom where Plaintiff fell for an hour before the incident, and an hour after, for a total of two hours of footage. (35-1.)

At 7:39 PM, two Wal-Mart customers ran into the restroom upon hearing Plaintiff fall. (DE 35-1.) Plaintiff testified that her left side was wet, but her clothes were not dirty. (DE 35-3 at 108:6–18, 200:3.) Plaintiff does not know where the water came from, how long the water was on the floor, or how much water was on the floor. (*Id.* at 108:2–3; 110:25–111:8.) However, after her fall, Plaintiff noticed "big" puddles of clear water that appeared to be coming from the sink area with six or seven footprints which appeared too large to be her own. (DE 35-3 at 107:23–24; DE 39 ¶¶ 18–19.) The footprints were leading towards the exit. (DE 35-3 at 200:9–10.) Plaintiff testified that the floor was dirty, but not the water itself. (*Id.* at 200:18–24.)

Immediately after the incident, two female Wal-Mart employees, Migdalia Oliva and Erenia Grave de Peralta, entered the restroom and began cleaning the area. (DE 35-1; DE 35-3 at 117:14–16, 120:12–16; DE 35-6 at 30:8–16.) CCTV video demonstrates that one of the employees appears to be holding an empty plastic bag as she enters and exits the restroom. (DE 35-1.) Plaintiff testified that the employees needed to exit the restroom to grab paper to absorb the water, however the video does not clearly depict either employee doing so. (*Id.*) Neither Ms. Oliva nor Ms. Grave de Peralta were deposed in this matter.

Plaintiff's deposition testimony differs from what she told Wal-Mart and Miami-Dade Fire Rescue staff on the day of the incident. Speaking to the two on-duty Wal-Mart managers, Concepcion Borroto and Carlos Espino, Plaintiff said she tripped on the toilet paper dispenser, and tripped on the restroom stall, respectively. (DE 35 ¶¶ 27–28; DE 39 ¶¶ 27–28.) Mr. Espino took pictures of the restroom stall leg because Plaintiff indicated to him that it caused her to trip. (DE 35-7 at 84:17–21; DE 35-9.) The pictures do not show

any water on the floor, although they were taken after at least two other Wal-Mart employees responded to the incident. (DE 35-9.) Additionally, neither Mr. Espino nor Ms. Borroto saw water in the area where Plaintiff fell. (DE 35-7 at 95:17–19; DE 35-8 at 28:1–2.) Plaintiff then told Miami-Dade Fire Rescue personnel that she tripped over a baseboard. (DE 35 ¶ 26; DE 35-10.) Plaintiff does not dispute that she said she tripped at least twice but testified she could not communicate with Miami-Dade Fire Rescue personnel because they did not speak Spanish. (DE 39 ¶¶ 26–28.) But Mr. Espino and Ms. Borroto both spoke to Plaintiff in Spanish, and at least some of the Miami-Dade Fire Rescue personnel spoke Spanish. (DE 35–7 at 101:7; DE 35-8 at 31:7–9, 41:5–7.)

In sum, Ms. Calvera exited the restroom at 7:33 PM after completing her routine cleaning duties, a Wal-Mart customer entered and exited the restroom prior to Plaintiff entering at 7:37 PM, and two Wal-Mart customers went into the bathroom at 7:39 PM after Plaintiff's accident. Although Defendant does not have a policy of documenting complaints of water in the restroom, neither Mr. Espino nor Ms. Borroto were are of any such complaints prior to Plaintiff's incident. (DE 35 ¶ 16–17; DE 39 ¶ 16–17.) Mr. Espino, who has worked at the store since approximately 2019, is not aware of any prior slip and falls in the women's restroom. (DE 35-7 at 12:18–28.)

## II.  LEGAL STANDARD

### A. *Summary Judgment Standard*

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Once the moving party demonstrates the absence of a genuine issue of material fact, the non-

moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed R. Civ. P. 56(e)). The Court must view the record and all factual inferences in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251–52).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

### B.  Premises Liability Standard

A federal court sitting in diversity applies the substantive law of the state in which the case arose. *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132–33 (11th Cir. 2010). In a Florida negligence claim, a plaintiff must prove the following four elements: (1) the defendant had a duty to conform to a certain standard of conduct, (2) the defendant breached that duty, (3) the breach of that duty caused damages to the plaintiff, and (4) the plaintiff sustained damages. *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275,

278–79 (Fla. 3d DCA 2017) (quoting *Wilson-Greene v. City of Miami*, 208 So. 3d 1271 (Fla. 3d DCA 2017)).

Under Florida law, a person who slips and falls on a transitory foreign substance in a business establishment has the burden of proving the business establishment had actual or constructive knowledge of the dangerous condition. Fla. Stat. § 768.0755(1). If a plaintiff cannot provide any evidence indicating the length of time that a foreign transitory substance was on the floor, there is no genuine issue of material fact, and a defendant is entitled to summary judgment. *Sutton v. Wal-Mart Stores East, LP*, 64 F.4th 1166, 1169 (11th Cir. 2023) (citing *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011)). In the absence of direct evidence, a plaintiff can proffer circumstantial evidence of "additional facts" showing that the substance was on the ground for a period time long enough to create an issue of fact as to whether the defendant had constructive notice. *Id.*

### III.   DISCUSSION

#### A. *Constructive Notice*

Because the Parties agree that Defendant did not have actual notice of the water on the restroom floor prior to Plaintiff's incident and that a Wal-Mart employee did not create the dangerous condition, Defendant maintains it is entitled to summary judgment because there is also no evidence that Defendant had constructive notice. (DE 35 ¶ 11; DE 39 ¶ 11.) Constructive knowledge may be proven by circumstantial evidence showing that the dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition, or that the condition occurred with regularity and as such was foreseeable. Fla. Stat. § 768.0755(1).

### *i. There is no evidence that the dangerous condition existed for a length of time sufficient for Defendant to have constructive notice.*

Here, Defendant's argument that there is no evidence to show constructive notice is based on the fact that Plaintiff could not testify as to how long the water was on the floor or where it came from, and the CCTV footage shows Ms. Calvera exiting the restroom four minutes before Plaintiff entered and six minutes before her fall. Plaintiff responds that there is a disputed issue of material of fact because of the following: 1) her testimony that there were puddles[2] of water with six or seven footprints; 2) Wal-Mart's cleaning policies do not require documentation; 3) Ms. Calvera's deviation from these policies by using paper instead of a mop; and 4) the lack of evidence concerning whether Ms. Calvera's properly cleaned the restroom.

Even accepting Plaintiff's deposition account as true—that she slipped on water, saw footprints, and Wal-Mart staff cleaned up the water—the record is devoid of the "additional facts" needed to create a disputed issue of material fact as to constructive notice to survive summary judgment. *Sutton*, 65 So. 3d at 1090. The mere presence of water is not enough to establish constructive notice. *Id.* Thus, Plaintiff's testimony that she slipped on clear water, on its own, does not create a disputed issue of material fact.

While evidence of footprints can be enough to survive summary judgment in some cases, it does not automatically warrant a denial. *Skipper v. Barnes Supermarket,* 573 So. 2d 411, 413 (Fla. 3d DCA 1991). For example, in *Espinoza*, the Eleventh Circuit held that a footprint in a warm puddle of milk was insufficient to survive summary judgment

---

[2] Plaintiff argues the size of the puddles creates an issue of material fact, however the size of a puddle unaccompanied with evidence regarding the source is insufficient to survive summary judgment. *Espinoza v. Target Corp.*, 843 F. App'x 168, 172 (11th Cir. 2021).

because there were not enough facts to show the footprint was not created *after* the incident. 843 F. App'x at 170. Similarly, in *Hernandez v. Sam's East, Inc.*, 2022 WL 15562303 at *1 (11th Cir. Oct. 23, 2022), the Eleventh Circuit affirmed summary judgment in favor of a defendant storeowner even though plaintiff testified that she saw footprints in a liquid after she fell. Because video surveillance showed an employee checking the area ten minutes before the incident, the Court ruled that the footprint testimony was not enough to create an issue of fact in light of the record. *Id. But see Skipper*, 573 So. 2d at 412 (reversing summary judgment for defendant where the plaintiff and witnesses testified to spaghetti spread out through an aisle which looked like it had been stepped on and the record suggested the area was not inspected for at least twenty minutes).

Here, while Plaintiff testified that there were footprints, Plaintiff cannot establish that the footprints, and in turn the dangerous condition, existed long enough to preclude summary judgment. At most, the water was on the floor for six minutes—the time between Ms. Calvera exiting the bathroom and the incident. At a minimum, because there is no evidence there was water on the floor when Plaintiff entered the restroom, the dangerous condition might have existed for the less than two minutes Plaintiff was in the bathroom stall. Neither timeline is enough to establish constructive notice. *See Walker v. Winn-Dixie Stores*, 160 So. 3d 909, 913 (Fla. 1st DCA 2014) (affirming summary judgment for defendant where dangerous condition existed for less than four minutes). The facts of this case are like those in *Hernandez*; Plaintiff's footprint testimony cannot circumvent the fact that an employee (Ms. Calvera) inspected the bathroom six minutes prior to the incident. Consequently, the record does not demonstrate sufficient time elapsed to find the

Defendant had constructive notice of a dangerous condition and Plaintiff's testimony alone is not enough to satisfy her burden.[3]

Next, to the extent Plaintiff is arguing that Defendant's negligent maintenance of the property is evidence of constructive notice, this is not a viable theory. *See Pembroke Lakes Mall Ltd. V. McGruder*, 137 So. 3d 418, 424 (Fla. 4th DCA 2014). The cases Plaintiff cites are not applicable because they are brought under the repealed Florida statute governing foreign transitory substances.[4] Nor does the record or case law support Plaintiff's argument that there is a disputed issue of material fact as to constructive notice because of Wal-Mart's general maintenance policy, specifically the lack of "formal inspections," the absence of a checklist or sign-in sheet to confirm the restroom was cleaned, and Ms. Calvera's deviation from the Standard Operating Procedures ("**SOP**").[5]

Courts have found a maintenance policy can create a disputed issue of material fact as to constructive notice when there is conflicting evidence as to how a store supposedly maintained its premises and how it was actually maintained. *See Doudeau v. Target Corp.*, 572 F. App'x 970, 972 (11th Cir. 2014) (reversing summary judgment for

---

[3] The record in this case is not similar to *Sutton*, where the Eleventh Circuit reasoned that a squished grape, juice, a track mark, and footprints were enough to create a disputed issue of material fact as to constructive notice where it was undisputed that the area was not inspected for at least ten minutes prior to the incident. 64 F.4th at 1168. *See also Welch v. CHLN, Inc.*, 357 So. 3d 1277, 1279 (Fla. 5th DCA 2023) (reversing summary judgment where plaintiff's testimony of footprints in a "slimy" substance plus defendant's manager's testimony that an employee was supposed to monitor the area of the incident "at all times" created a disputed issue of material fact as to constructive notice).

[4] The statute was repealed in 2010. Plaintiff also cites to *Yuniter v. A & A Edgewater of Fla., Inc.*, 707 So. 2d 763 (Fla. 2d DCA 1998), which is not a slip and fall case and not relevant here.

[5] Defendant's SOP is not included as an exhibit in Defendant's Motion for Summary Judgment.

defendant storeowner because footage contradicted employee's testimony that he inspected the incident area). Here, unlike the cases Plaintiff cites, there is no record evidence disputing the three managers' testimony that the restroom floors were regularly dried and cleaned. (DE 35-6 at 19:15–23; DE 35-7 at 20:17–30:12.) Ms. Calvera personally received training to pick up water on the restroom floor because it could be a hazard. (DE 35-2 at 34:12–16.) She testified that she checks the restroom approximately every twenty minutes and dries the floor. (*Id.* at 23:1–4.) The lack of a checklist or sign-in sheet does not refute the undisputed testimony. Because there is no conflicting evidence, there is no disputed issue of material fact as to whether the restrooms were regularly inspected.

Similarly, Plaintiff's argument that there is a disputed issue of material fact because Ms. Calvera used paper instead of a mop as the SOP requires is without merit. Ms. Calvera's "deviation" is not like the one described in *Garcia v. Wal-Mart Stores East, L.P.*, No. 6:14-CV-255-ORL-40TBS, 2015 WL 898582 at *4 (M.D. Fla. Mar. 3, 2015)*,* where store policy required inspections of an area every five minutes but surveillance footage demonstrated the area in question was not inspected for an hour. Here, Ms. Calvera testified that using paper instead of the mop leaves the floors drier and that she cleaned the restroom in question every twenty minutes. (DE 35-2 at 21:9–13, 33:5–9.) Although there is no documentary evidence as to what exactly Ms. Calvera did while in the restroom, there is also no evidence refuting that she did as she testified she routinely does. A plaintiff cannot rely on a lack of documentary evidence regarding adherence to store policy to imply a store was on notice of a foreign transitory substance. *Espinoza*, 843 F. App'x at 175. As such, Defendant's maintenance policies, Ms. Calvera's

"deviation" from the SOP, and the lack of documentary evidence regarding Ms. Calvera's inspection does not create an issue of material fact as to constructive notice.

### ii. There is no evidence that the condition occurred with regularity and as such was foreseeable.

There is no record evidence of prior slip and falls in the women's restroom.[6] Nonetheless, Plaintiff asserts Defendant's SOP is evidence that this incident occurs with regularity as to find constructive notice. (DE 35 ¶ 2.) Plaintiff does not cite to any authority which supports the notion that a general maintenance policy constitutes awareness that a dangerous condition occurred with such regularity as to be foreseeable.[7] As such, there is no evidence of foreseeability to support a finding of constructive notice under the statute.

### B. Medical Causation

Because Plaintiff has not met her burden under the statute, the causation issue is moot.

### IV. CONCLUSION

It is undisputed that Plaintiff fell while at Defendant's store. However, there is record evidence that a Defendant employee regularly cleaned and dried the restroom floors, and that this employee exited the restroom four minutes before Plaintiff's entry.

---

[6] Plaintiff states Defendant made it "impossible to present evidence of prior complaints," but the law does not require that Defendant maintain a written record of complaints of water in the restroom. Even so, in this case, the Wal-Mart managers testified that they did not receive complaints the day of the incident, nor were there any slip and falls in the restroom in the two years leading to Plaintiff's accident.

[7] The case that Plaintiff cites is not on point. In *Brooks v. Phillip Watts Enters., Inc.*, 560 So. 2d 339, 342 (Fla. 1st DCA 1990), the appellate court reversed summary judgment because the defendant had actual notice of rainwater causing a slip hazard, and the subject area was cleaned thirty minutes before the subject incident.

Moreover, there is no evidence of prior complaints of water on the floor, nor could Plaintiff testify as to whether there was water on the floor by the restroom stall door in the two minutes prior to her incident. Plaintiff's testimony on its own cannot create a disputed issue of material fact. Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Summary Judgment (DE 34) is **GRANTED**.
2. The Court will separately issue a final judgment.
3. All hearings and deadlines are **CANCELED**.
4. All other pending motions are **DENIED AS MOOT**.
5. The case is **CLOSED.**

**DONE AND ORDERED** in Chambers in Miami, Florida, this 17th day of October, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE